IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANK LORENZO GIOVINCO,

    Petitioner,               No. CIV S-03-1876 WBS DAD P

    vs.

THOMAS L. CAREY, et al.,

    Respondents.          ORDER

                                /

           Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus in the above entitled action. On December 14, 2004, habeas relief was denied, this action was dismissed and judgment was entered. On January 10, 2005, petitioner filed both a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) (Doc. No. 14) and a notice of appeal (Doc. No. 15). It has recently come to the court's attention that no action was ever taken in response to petitioner's latest filings. Below the undersigned will belatedly address both.[1]

/////

---

[1] It appears that petitioner is sill incarcerated at the same state prison where he was being held during the pendency of this action. See Giovinco v. Mendoza-Powers, 07-cv-00585-JAH-JMA (E.D. Cal.) (petition for writ of habeas corpus denied and judgment entered June 3, 2009).

1

1    In his amended petition, filed May 10, 2004 (Doc. No. 10), petitioner did not
2 collaterally attack his underlying state court conviction for second degree murder.  Instead,
3 petitioner asserted three claims, all challenging the execution of his sentence by the California
4 Department of Corrections and Rehabilitation (CDCR).  Specifically, petitioner claimed that the
5 CDCR had classified his sentence in such a way that it had been turned into one of life without
6 the possibility of parole in violation of his constitutional rights, had subjected him to cruel and
7 unusual punishment by incarcerating him beyond the term of his sentence and had denied him
8 equal protection under the law by applying state law unequally in his case.  On December 14,
9 2004, petitioner's application for habeas relief was summarily denied and this action was
10 dismissed.  On January 10, 2005, the court received petitioner's motion for relief from judgment
11 under Federal Rule of Civil Procedure 60(b), together with a notice of appeal.

12    When a motion for relief under Rule 60 is filed no later than 10 days after the
13 judgment is entered, the time to file an appeal runs from the entry of the order disposing of the
14 motion.  Fed. R. App. P. 4(a)(4)(A)(vi).  In the present case, petitioner's motion was not filed
15 within 10 days after judgment was entered.[2]  Because petitioner's Rule 60(b) motion was not
16 filed within 10 days after judgment was entered, the motion has no effect on petitioner's notice of
17 appeal which was timely filed within 30 days after entry of judgment and became effective upon
18 deposit in the institution's internal mail system.  See Fed. R. App. P. 4(a)(1)(A); see also Miller
19 v. Marriott Int'l, Inc., 300 F.3d 1061, 1063-64 (9th Cir. 2002).

20    However, petitioner's filing of a timely notice of appeal divested this court of
21 jurisdiction to consider a Rule 60(b) motion that was filed more than 10 days after entry of

---

[2] The tenth court day after December 14, 2004, computed in accordance with Rule 26(a) of the Federal Rules of Appellate Procedure, was December 29, 2004.  Pursuant to Rule 26(c), the ten-day period was extended for mail service by three calendar days to January 1, 2005.  The next court day was January 3, 2005.  As an inmate confined in an institution, petitioner was required to deposit his motion in the institution's internal mail system on or before January 3, 2005.  Although petitioner's motion does not include a declaration or a notarized statement regarding the date of deposit, his motion is dated January 6, 2005, three days after the ten-day period had expired.

judgment. See Stein v. Wood, 127 F.3d 1187, 1189 (9th Cir. 1997); see also Davis v. Yageo Corp., 481 F.3d 661, 685 (9th Cir. 2007) ("Once an appeal is filed, the district court no longer has jurisdiction to consider motions to vacate judgment."); Gould v. Mutual Life Insurance Co., 790 F.2d 769, 772 (9th Cir. 1986) ("Unless the appellate court remands to the district court, the latter is without jurisdiction to consider the motion to vacate judgment.")  Under such circumstances, a party may nonetheless "ask the district court for an indication that it is willing to entertain a Rule 60(b) motion.  If the district court gives such an indication, then the party should make a motion in the Court of Appeals for a limited remand to allow the district court to rule on the motion." Sierra Pacific Industries v. Lyng, 866 F.2d 1099, 1113 n.21 (9th Cir. 1989).  See also Davis, 481 F.3d at 685; Gould, 790 F.2d at 772.  This court will construe petitioner's motion as a request for an indication whether the district court wishes to entertain his Rule 60(b) motion or to grant it.

In his Rule 60(b) motion petitioner requested that this court vacate its final order and judgment, and grant him thirty days to file objections to the findings and recommendations filed November 12, 2004.  "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules." Gonzalez v. Crosby, 545 U.S. 524, 529 (2005) (footnote omitted) (citing 28 U.S.C. § 2254 Rule 11 & Fed. R. Civ. P. 81(a)(2)).  Rule 60(b) provides for relief on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

/////

1  Fed. R. Civ. P. 60(b).  Motions seeking such relief are addressed to the sound discretion of the
2  district court.  See Yusov v. Yusuf, 892 F.2d 784, 787 (9th Cir. 1989); Thompson v. Housing
3  Auth. of Los Angeles, 782 F.2d 829, 832 (9th Cir. 1986); Rodriguez v. Bowen, 678 F. Supp.
4  1456, 1458 (E.D. Cal. 1988).
5              Here, petitioner does not refer to any subsection of Rule 60(b).  Nor does he cite
6  newly discovered evidence, fraud, misrepresentation, misconduct by respondents, or any
7  infirmity of the judgment entered in this action.  Finally, petitioner does not allege facts
8  demonstrating the existence of extraordinary circumstances, as required for relief under Rule
9  60(b)(6).  See Gonzalez, 545 U.S. at 535 (observing that extraordinary circumstances "will rarely
10 occur in the habeas context"); Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507
11 U.S. 380, 393 (1993)
12             In this case, the pro se petitioner states that on November 16, 2004, he sent his
13 only copy of the findings and recommendations, along with a letter requesting assistance, to an
14 attorney appointed to represent him on appeal in another habeas action in which he was
15 challenging a parole denial.  Petitioner has provided this court with a declaration from his
16 counsel on appeal in that case in which counsel states that she overlooked the letter sent by
17 petitioner to her on November 16, 2004, reading it for the first time on December 27, 2004.
18 Counsel states she did not review the findings and recommendations at that time but did attempt
19 to learn their status and on January 3, 2005, confirmed that the findings and recommendations
20 had been adopted and that judgment had been entered in this action on December 14, 2004.
21 Counsel states that she did not review petitioner's initial petition, respondents' motion to
22 dismiss, or petitioner's amended petition in this action.  Rather, she merely prepared a draft of a
23 pro se Rule 60(b) motion in an effort to give petitioner a further opportunity to file objections to
24 the already adopted findings and recommendations.  Petitioner offers no explanation for his
25 failure to seek an extension of time to file objections or for his failure to follow up on the letter
26 he sent to counsel on November 16, 2004.  Moreover, neither petitioner nor the attorney who

1  represented him on appeal in the other habeas action have suggested any ground for objecting to
2  the findings and recommendations that were adopted in this case on their merits.

3        The application for habeas relief in this case is not an attack on petitioner's 1981
4  conviction or sentence. Nor is it a challenge to any decision concerning petitioner's parole
5  eligibility. Rather, petitioner's amended petition failed to allege facts concerning the
6  classification or labeling of his sentence, facts demonstrating that prison officials had effectively
7  turned his sentence into one of life without possibility of parole, facts showing that his sentence
8  had been or should have been terminated, facts concerning actions by prison officials that
9  subjected him to cruel and unusual punishment, or facts demonstrating that prison officials
10 treated him differently from similarly situated prisoners. The undersigned found that it plainly
11 appeared from the face of petitioner's amended pleading that he was not entitled to habeas relief
12 on the claims alleged in this action and therefore issued findings and recommendations
13 recommending that the petition be dismissed. Back on December 14, 2004, those findings and
14 recommendations were adopted, and petitioner's application for a writ of habeas corpus was
15 summarily dismissed on the merits.

16       The court finds that petitioner has failed to demonstrate an entitlement to relief
17 under Rule 60(b).[3] In the absence of any grounds for relief, this court does not wish to entertain
18 petitioner's Rule 60(b) motion and if the matter were remanded for that purpose would
19 recommend that petitioner's motion be denied. See Davis, 481 F.3d at 685; Sierra Pacific
20 Industries, 866 F.2d at 1113 n.21; Gould, 790 F.2d at 772.
21 /////
22 /////
23

24    [3] Moreover, the court finds that petitioner has offered no reason for failing to request an extension of time to file objections and failing to follow up on his letter to the attorney representing
25 him in another habeas matter before this court, and that petitioner did not act in good faith by failing to take any steps other than seeking to transfer responsibility to a person who was under no duty to assist him in this action. Petitioner has demonstrated nothing more than ignorance or carelessness
26 on his part or on the part of an attorney who had no duty to assist him in this case.

Accordingly, IT IS HEREBY ORDERED that:

1. The court does not wish to entertain petitioner's Rule 60(b) motion (Doc. No. 14) and would recommend that the motion be denied were the case to be remanded for consideration of that motion; and

2. The Clerk of the Court is directed to process petitioner's timely filed appeal.[4]

DATED: June 15, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:giov1876.60bmot

---

[4] A certificate of appealability is not required where, as here, a petitioner is challenging an administrative decision regarding the execution of his sentence. Woods v. Carey, 525 F.3d 886, 887 (9th Cir. 2008) (no certificate of appealability required where petitioner sought to challenge the Department of Correction's classification of his sentence); White v. Lambert, 370 F.3d 1002, 1010 (9th Cir. 2004).